Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 0101 | **DATE** | January 14, 2011 |
| **CASE TITLE** | Bernie B. Cleveland (2010-0707001) vs. County of Cook, et al | | |

**DOCKET ENTRY TEXT**

The Court denies Plaintiff's motion for leave to file *in forma pauperis* [3] without prejudice to reconsideration should he renew his motion in compliance with this order. The complaint on file is dismissed without prejudice. Plaintiff is granted thirty days to submit an amended complaint (plus a judge's copy and service copies) and an *in forma pauperis* application on the enclosed form with the information required by § 1915(a)(2) or to pay the full $350 filing fee. The Clerk is directed to send Plaintiff an *in forma pauperis* application, an amended civil rights complaint form with instructions, and a copy of this order. If Plaintiff does not timely comply with this order, this case shall be dismissed.

■[For further details see text below.]   Docketing to mail notices.

# STATEMENT

Plaintiff, a detainee at the Cook County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff submitted an *in forma pauperis* application but the information provided is not timely. Northern District of Illinois Local Rule 3.3 requires that persons lodging new lawsuits must either pay the statutory filing fee or file a petition for leave to proceed *in forma pauperis,* using the court's form and signing under penalty of perjury. The form requires inmates to obtain a certificate stating the amount of money they have on deposit in their trust fund account. As explained below, the Prison Litigation Reform Act ("PLRA") also requires inmates to provide a certified copy of their trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the lodging of the complaint. Plaintiff's *in forma pauperis* application was certified by the trust fund officer on October, 14, 2010, and the trust fund account statement only includes trust fund activity for September and October 2010. Plaintiff's complaint was received on January 7, 2011, thus, the submitted application does not include the information required to determine Plaintiff's present ability to pay the required filing fee or to properly access any partial filing fee. If Plaintiff wants to proceed on an amended complaint (see below), he must file a new motion for leave to file *in forma pauperis* on the court's form and have an authorized official(s) provide information regarding Plaintiff's trust fund account(s), including a copy of his trust fund account(s) for the 6-month period immediately preceding the filing of the complaint. Plaintiff must also write the case number in the space provided for it. Failure to complete the required form fully or otherwise comply with this order are grounds for dismissal of the suit. *See Zaun v. Dobbin*, 628 F.2d 990 (7th Cir. 1980).

Effective April 26, 1996, the PLRA significantly changed the procedures in prisoner litigation brought without prepayment of the filing fee.
**The PLRA requires all inmates to pay the full filing fee, even those whose cases are summarily dismissed**. The Court must assess an initial partial filing fee on all inmates who bring suit in an amount that is 20% of the greater of:
(A)   the average monthly deposits in the prisoner's account; or
(B)   the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal. 28 U.S.C. § 1915(b)(1).
The Court will authorize prison officials to deduct the initial filing fee payment directly from Plaintiff's trust fund account. Thereafter, correctional authorities having custody of Plaintiff will have authority (and are required) to make

# STATEMENT

monthly payments to the court of 20% of the preceding month's income credited to the trust fund account until such time as the full filing fee is paid.

To enable the Court to make the necessary initial assessment of the filing fee, Plaintiff must "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). If Plaintiff wishes to proceed with this case *in forma pauperis* he must file an *in forma pauperis* application on the form required by the rules of this court together with a certified copy or copies of his trust fund statements reflecting all activity in his accounts in the immediately preceding six-month period.

Furthermore, under 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees.

Plaintiff alleges that on May 5, 2010, another inmate, Schaffer, stole some commissary items from Plaintiff's property box. Schaffer admitted to stealing the items and he and Plaintiff had a physical altercation. Schaffer ran from the deck and returned shortly thereafter with Correctional Officer Palu and Sergeant Krauskopt. Plaintiff explained to Palu and Krauskopt that Schaffer assaulted him and stole items from his property box. Krauskopt told Plaintiff to pack his belongings because he and Schaffer were being sent to segregation for fighting. Before being placed in segregation, Plaintiff and Schaffer were taken for medical treatment. Plaintiff received x-rays and medication for an injured nose. Schaffer was sent for a psychological evaluation.

The adjustment committee later found Plaintiff guilty of misconduct. Plaintiff alleges that the adjustment committee did not provide a fair hearing because they found him guilty on the report and they did not question witnesses or take Plaintiff's statement. Plaintiff did not receive his stolen commissary items back nor was he reimbursed for the stolen items. Lastly, Plaintiff alleges that an unknown nurse refused to give him his pain medications on two occasions.

Plaintiff's complaint fails to state a claim for relief against any of the named Defendants. Plaintiff names the County of Cook, Correctional Officer Palu, Sergeant Krauskopt, Daniel Brown, Tom Dart, Mr. Smith, and Jane Doe (the unknown nurse) as Defendants. Federal Rule of Civil Procedure 8(a)(2) requires"a short and plain statement of the claim showing that the pleader is entitled to relief," in order to " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, (1957)). Other than identifying Daniel Brown, Mr. Smith and Tom Dart as Defendants, Plaintiff does not include any allegations against these Defendants in his statement of the claim. Thus, Plaintiff has not stated a claim against Daniel Brown, Mr. Smith, or Tom Dart.

Plaintiff identifies three counts in his complaint but does not identify which counts are brought which Defendants. Count 1 is identified as ' "assault" conspiracy" deliberate indifference.' Count 2 is identified as "deliberate indifference." Count 3 is identified as "failed to protect me from harm and conspiracy crime in Illinois and the United States."

Plaintiff appears to be bring a claim for failure to protect him from harm by Schaffer. Prison/jail officials have a duty to protect prisoners from violence by other inmates. *See Farmer v. Brennan*, 511 U.S. 825, 833 (1988); *Grieveson v. Anderson*, 538 F.3d 763, 775 (7th Cir. 2008); *Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006). To succeed on a claim based on a prison official's failure to protect an inmate, a plaintiff must demonstrate that: (1) the conditions of his confinement posed a substantial risk of harm and (2) that a prison official was deliberately indifferent to that risk. *See Grieveson*, 538 F.3d at 775; *Pinkston*, 440 F.3d at 889. Conduct by the prison official that is simply negligent or inadvertent is not sufficient. Instead, the prison official must have subjective knowledge of a substantial risk of serious harm and he must fail to take reasonable measures to prevent that harm from occurring. *See Grieveson*, 538 F.3d at 775; *Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999). . "An unfortunate random act of violence in a prison . . . does not impose liability on prison officials." *Washington v. LaPorte County Sheriff's Dep't*, 306 F.3d 515, 519 (7th Cir. 2002). Plaintiff has not alleged that any named Defendant had subjective knowledge that Schaffer posed a serious risk to Plaintiff's safety and that they disregarded that risk.

Plaintiff appears to be attempting to bring a claim based on the jail not refunding his money for the stolen commissary items. Plaintiff does not have a constitutional right to a refund of his money due to another inmate stealing his commissary items.

Plaintiff repeatedly alleges a "conspiracy" by unidentified Defendants for his three counts. However, he fails to allege the form and scope of the conspiracy and he fails to indicate the Defendants' roles in the alleged conspiracy.

| STATEMENT |
|---|

Plaintiff's bare allegations of a conspiracy fail to satisfy even the liberal pleadings requirements under Federal Rule of Civil Procedure 8. *See Ryan v. Mary Immaculate Queen Center*, 188 F.3d 857, 861 (7th Cir. 1999) (bare allegation of conspiracy that fails to indicate the form and scope insufficient).

Plaintiff alleges that he did not receive a fair hearing following the altercation with Schaffer based on he taking issue with the finding of guilty. Due process requires that a pretrial detainee cannot be placed in segregation as punishment for a disciplinary infraction without notice and an opportunity to be heard. *See Higgs v. Carver*, 286 F.3d 437, 438 (7th Cir. 2002). Plaintiff specifically pleads that he did receive a hearing, he takes issue with the finding of guilty. However, Plaintiff's claims that he was denied due process in the disciplinary hearings resulting in a wrongful conviction cannot be brought in a civil rights action until the underlying disciplinary conviction is invalidated or overturned because a judgment in his favor would imply the invalidity of the conviction. *See Edwards v. Balisok*, 520 U.S. 641, 644-46 (1997); *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Stone-Bey v. Barnes*, 120 F.3d 718, 721 (7th Cir. 1997).

Lastly, Plaintiff's claim against the unknown nurse for the denial of his pain medication on two occasions does not rise to a constitutional violation. Interfering with a medical staff's prescribed treatment in the face of a substantial risk to a detainee's health may constitute deliberate indifference. *See Walker v. Benjamin*, 293 F.3d 1030, 1040 (7th Cir. 2002); *Zentmyer v. Kendall County*, 220 F.3d 805, 812 (7th Cir. 2000). However, an occasional missed dose, without more, does not rise to a constitutional violation. *See Zentmyer*, 220 F.3d at 811-12.

For the foregoing reasons, the Court dismisses the complaint on file without prejudice. Plaintiff is granted thirty days in which to file an amended complaint. Plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the court, Plaintiff must provide an extra copy for the judge; he must also submit a sufficient number of copies for service on each Defendant named in the amended complaint.

Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations must be set forth in the amended complaint, without reference to the original complaint. Any exhibits Plaintiff wants the court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits.

In summary, Plaintiff must, on or before 30 days from the date of this order, **either** file an *in forma pauperis* application on the enclosed form with the information required by § 1915(a)(2) **or** pay the full $350 filing fee **and** submit an amended complaint. If Plaintiff does not timely comply with this order, this case shall be dismissed.