Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 0101 | **DATE** | May 20, 2011 |
| **CASE TITLE** | Bernie B. Cleveland (2010-0707001) vs. County of Cook, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's second amended complaint [16] is accepted. The Clerk shall: (1) issue summonses of Plaintiff's second amended complaint [16] for Defendants Correctional Officer Palu and Sergeant Krauskopt; (2) terminate Defendants County of Cook, Thomas Dart, Ms. Smith, and Daniel Brown; and (3) send Plaintiff a Magistrate Judge Consent Form, Instructions for Submitting Documents, and a copy of this order. Plaintiff's motions for appointment of counsel [4], [9] are denied without prejudice.

■[For further details see text below.]  Docketing to mail notices.

## STATEMENT

  Plaintiff, a detainee at the Cook County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff submits a second amended complaint. Pursuant to 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees.

  Plaintiff alleges that on May 5, 2010, another inmate, Schaffer, stole some commissary items from Plaintiff's property box. When Plaintiff approached Schaeffer about the missing items, Schaeffer hit Plaintiff in the face several times resulting in a bloody nose and swollen eye and lip. Schaffer ran from the deck and returned shortly thereafter with Correctional Officer Palu and Sergeant Krauskopt. Plaintiff explained to Krauskopt that Schaffer assaulted him and stole items from his property box. Plaintiff and Schaffer were sent to segregation for fighting. Before being placed in segregation, Plaintiff and Schaffer were taken for medical treatment. Plaintiff received x-rays and medication for an injured nose. Schaffer was sent for a psychological evaluation. Palu, Krauskopt, and the nurse that treated Plaintiff (Nurse Jane Doe) told Plaintiff that Schaeffer had mental health issues but they were not able to do anything until something, such as the attack, happened. Although Plaintiff was told he would see a "nose doctor," he never received such medical treatment.

  Plaintiff also alleges that Ms. Smith and Daniel Brown, the director of the company that provides commissary items for CCJ, have engaged in a conspiracy and extortion by refusing to refund some funds into Plaintiff's trust fund account. Lastly, Plaintiff alleges that when he was in segregation he saw Sheriff Tom Dart and told him about what "was happening to him." Plaintiff alleges that Sheriff Dart told him he would "take care of this matter;" however, the matter was never addressed.

  Plaintiff names the County of Cook, Correctional Officer Palu, Sergeant Krauskopt, Daniel Brown, Tom Dart, Ms. Smith, and Jane Doe (the unknown nurse) as Defendants. Plaintiff identifies four counts in his complaint but does not identify which counts are brought which Defendants (and he includes two, Count #3). Count 1 is identified as "assault, deliberate indifference, conspiracy, medical, medical needs, safety, due process, extortion." Count 2 is identified as "neglect, failure to protect, medical care." The first Count 3 is identified as "deliberate indifference to medical needs, neglect to medical care, extortion, conspiracy, due process." The second Count #3 is identified as "extortion/conspiracy."

  Plaintiff appears to be bring a claim for failure to protect him from harm by Schaffer based on Palu, Krauskopt, and Jane Doe's knowledge that Schaeffer had mental health issues but they could not do anything until he

engaged in wrongful conduct. While tenuous, Plaintiff may proceed on this claim against these Defendants.

Plaintiff also claims that he was supposed to be seen by a "nose doctor" but has not seen him/her yet. Plaintiff does not name who has prevented him from being taken to or receiving such medical treatment. Thus, Plaintiff has not sufficiently stated a claim against a named Defendant as to this issue.

Plaintiff appears to be attempting to bring a claim based on the jail not refunding his money for the stolen commissary items. Plaintiff does not have a constitutional right to a refund of his money due to another inmate stealing his commissary items.

Plaintiff repeatedly alleges a "conspiracy" and "extortion" by unidentified Defendants and specifically against Ms. Smith and Daniel Brown. However, he fails to allege the form and scope of the conspiracy and he fails to indicate the Defendants' roles in the alleged conspiracy. Plaintiff's bare allegations of a conspiracy and extortion fail to satisfy even the liberal pleadings requirements under Federal Rule of Civil Procedure 8. *See Ryan v. Mary Immaculate Queen Center*, 188 F.3d 857, 861 (7th Cir. 1999) (bare allegation of conspiracy that fails to indicate the form and scope insufficient).

Lastly, Plaintiff's allegations as to Sheriff Dart (and the inclusion of the County of Cook for indemnification purposes) fail to state a claim. Plaintiff alleges that when he was in segregation he saw Sheriff Dart and told him about what "was happening to him." Sheriff Dart allegedly told him he would "take care of this matter;" however, the matter was never addressed.

To be liable under the Civil Rights Act, 42 U.S.C. § 1983, a defendant must have acted under color of state law and violated a constitutional right. *See Waubanascum v. Shawano County*, 416 F.3d 658, 665 (7th Cir. 2005). An individual cannot be held liable in a §1983 action unless he caused or participated in the alleged constitutional deprivation. *Vance v. Washington*, 97 F.3d 987, 991 (7th Cir. 1996); *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995); *Rascon v. Hardiman*, 803 F.2d 269, 273 (7th Cir. 1986) (citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983)). Supervisors and others in authority are not held liable for any alleged wrongdoing on the part of subordinates pursuant to the doctrine of respondeat superior because that doctrine does not apply in §1983 actions. *See Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992); *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988).

Claims filed against government officers in their official capacity are actually claims against the government entity for which the officers work. *See Kentucky v. Graham*, 473 U.S. 159, 167 (1985); *Guzman v. Sheahan*, 495 F.3d 852, 859 (7th Cir. 2007); *see also, Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002) (a supervisory official cannot be held liable for the conduct of his subordinates based upon a theory of respondeat superior, and a complaint's allegations must indicate that the supervisory official was somehow personally involved in the constitutional deprivation). A governmental entity is liable for damages under Section 1983 only if the plaintiff can show that the alleged constitutional deprivation occurred as a result of an official policy, custom, or practice. *See Monell v. Department of Social Serv.*, 436 U.S. 658, 692 (1978) Unconstitutional policies or customs generally take three forms: (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a usage or custom with the force of law; or (3) a constitutional injury was caused by a person with final policy-making authority. *Brokaw v. Mercer County*, 235 F.3d 1000, 1013 (7th Cir.2000).

Plaintiff's allegations as to Sheriff Dart do not demonstrate any personal involvement by him in the alleged unconstitutional conduct. When Plaintiff allegedly spoke with Sheriff Dart, the physical altercation with Schaeffer had already occurred. Nor has Plaintiff alleged that any of the alleged unconstitutional conduct was a result of an official policy, custom, or practice. Accordingly, Plaintiff has not stated a claim against the County of Cook or Sheriff Thomas Dart.

Based on the above, Plaintiff may proceed on his failure to protect claim against Defendants Correctional Officer Palu, Sergeant Krauskopt, and Nurse Jane Doe. All other claims and Defendants are dismissed.

The Clerk shall: (1) issue summonses for service of Plaintiff's second amended complaint on Defendants Correctional Officer Palu and Sergeant Krauskopt; (2) terminate Defendants County of Cook, Thomas Dart, Ms. Smith, and Daniel Brown; and (3) send Plaintiff a Magistrate Judge Consent Form, Instructions for Submitting Documents, and a copy of this order.

The United States Marshals Service is appointed to serve Defendants Correctional Officer Palu and Sergeant Krauskopt. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. With

| STATEMENT |
|---|

respect to any former employee who can no longer be found at the work address provided by Plaintiff, the County of Cook shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any court filing to Defendants [or to defense counsel, once an attorney has entered an appearance on behalf of Defendants]. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

Plaintiff's motions for appointment of counsel is denied. Civil litigants do not have a constitutional or statutory right to counsel. *See Johnson v.* Doughty, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, a district court may, in its discretion, "request an attorney to represent any person unable to afford counsel." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004) (citing 28 U.S.C. § 1915(e)(1)); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). In deciding whether to appoint counsel, the Court must "first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts." *Gil*, 381 F.3d at 656 (quoting *Jackson v. County of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992)). If so, the Court must consider: (1) whether, given the degree of difficulty of the case, Plaintiff appears competent to try it himself; and (2) whether the assistance of counsel would provide a substantial benefit to the Court or the parties, potentially affecting the outcome of the case. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007); *Gil*, 381 F.3d at 656.

After considering the above factors, the Court concludes that appointment of counsel is not warranted in this case. Plaintiff has failed to show that he has made reasonable efforts to retain private counsel nor that he has been effectively precluded from making such efforts. *See Gil*, 381 F.3d at 656. Plaintiff has alleged no physical or mental disability that might preclude him from adequately investigating the facts giving rise to his complaint. Plaintiff's case, at the present time, does not involve complex issues, complex discovery, or an evidentiary hearing. In addition, the Court grants *pro se* litigants wide latitude in the handling of their lawsuits. Therefore, Plaintiff's motion for appointment of counsel is denied without prejudice.