Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 0101 | **DATE** | May 26, 2011 |
| **CASE TITLE** | Bernie B. Cleveland (2010-0707001) vs. County of Cook, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's [third] amended complaint [18] is accepted. The Clerk shall: (1) issue summonses of Plaintiff's [third] amended complaint [18] for Defendants Correctional Officer Pater, Sergeant Krauskopt, and Daniel Brown; (2) terminate Defendants County of Cook, Thomas Dart, and Ms. Smith; and (3) send Plaintiff a Magistrate Judge Consent Form, Instructions for Submitting Documents, and a copy of this order. Plaintiff's motions for appointment of counsel [4], [9] are denied without prejudice.

■[For further details see text below.]     Docketing to mail notices.

# STATEMENT

     Plaintiff, a detainee at the Cook County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff submits a third amended complaint. Pursuant to 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees.

     Plaintiff alleges that prior to May 5, 2010, he informed Correctional Officer Pater (sometimes referred to as Palu in the amended complaint) and Sergeant Krauskopt that another detainee, Schaeffer, was acting strangely and he would "snap out" throughout the day. Pater and Krauskopt told Plaintiff that Schaeffer had mental health issues but they were not able to do anything until something happened, On May 5, 2010, Schaffer stole some commissary items from Plaintiff's property box. When Plaintiff approached Schaeffer about the missing items, Schaeffer hit Plaintiff in the face several times resulting in a bloody nose and swollen eye and lip. Schaffer ran from the deck and returned shortly thereafter with Pater and Krauskopt. Plaintiff explained to Krauskopt that Schaffer assaulted him and stole items from his property box. Plaintiff and Schaffer were sent to segregation for fighting. Before being placed in segregation, Plaintiff and Schaffer were taken for medical treatment. Plaintiff received x-rays and medication for an injured nose. Schaffer was sent for a psychological evaluation. The nurse that treated Plaintiff (Nurse Jane Doe) told Plaintiff that Schaeffer had mental health issues and should not have been in the same dormitory. Later, two unknown nurses (Nurse Jane Doe and Nurse Jane Doe #2) refused to fill Plaintiff 's prescription.

     Plaintiff also alleges that Ms. Smith and Daniel Brown, the director of the company that provides commissary items for CCJ, have engaged in a conspiracy and extortion by refusing to refund some funds into Plaintiff's trust fund account. Director Brown responded to a grievance regarding the refund of funds but did not order the refund. Nor did social worker Smith help Plaintiff receive a refund.

     Plaintiff next alleges that he did not receive a fair disciplinary hearing, including the failure to take all facts into account and not calling any witnesses. Lastly, Plaintiff alleges that he twice saw Sheriff Tom Dart and told him about what was happening to him. Plaintiff alleges that Sheriff Dart told him he would "take care of this matter;" however, the matter was never addressed.

     Plaintiff names the County of Cook, Correctional Officer Pater, Sergeant Krauskopt, Daniel Brown, Tom Dart, Ms. Smith, and two Jane Does (the unknown nurses) as Defendants. Plaintiff identifies five counts in his amended complaint but does not identify which counts are brought which Defendants. Count 1 is identified as "failure to protect, deliberate indifference to medical need, extortion, conspiracy, due process and equally protection, official misconduct, failure to provide medications, failure to protect against assaults." Count 2 is identified as "deliberate indifference to medical care, failure to provide medical treatment, official misconduct and failure to provide medications." Count 3 is

# STATEMENT

identified as "deliberate indifference to medication needs, failure to protect from extortion conspiracy, due process and equal protection." Count 4 is identified (on two different pages) as "extortion/conspiracy" and "official misconduct, torture, neglect." Count 5 is identified as conspiracy, misconduct, extortion, due process, equal protection violation."

Federal Rule of Civil Procedure 8(a)(2) requires, in relevant part, that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to " give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Rule 8 reflects a liberal notice pleading requirement that focuses the "'litigation on the merits of the claim'" rather than some technicality that might keep a plaintiff out of court. *Brooks*, 578 F.3d at 580 (quoting *Swierkiewicz*, 534 U.S. at 514). Alleging specific facts is not required. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007). However, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic,* 550 U.S. at 555. The plaintiff's claim must be "plausible" in that there are "enough facts to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's allegations. *Bell Atlantic*, 550 U.S. at 556.

In addition, "a court need not accept as true 'legal conclusions[, or t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.' " *Brooks*, 578 F.3d at 581 (quoting *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937 (2009)). Plaintiffs cannot "merely parrot the statutory language of the claims that they are pleading . . . rather than providing some specific facts to ground those legal claims. . . ." *Brooks*, 578 F.3d at 581. "[C]ourts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal arguments." *Brooks*, 578 F.3d at 581.

Plaintiff appears to bring a claim for failure to protect him from harm by Schaffer based on Pater, Krauskopt, and Nurse Jane Doe's knowledge that Schaeffer had mental health issues but they could not do anything until he engaged in wrongful conduct. Plaintiff may proceed on this claim against these Defendants. Plaintiff may also proceed on his denial of medical needs against the two unnamed nurses but he will have to name them in a future amended complaint once he learns their identities. Plaintiff's claim regarding the failure of a refund for commissary items he never received is interpreted as a state law claim for conversion. Plaintiff may proceed on this claim against Daniel Brown.

However, the remaining allegations/claims fail meet the pleading requirements of Rule 8 and/or fail to constitute a cognizable claim. Plaintiff repeatedly alleges a "conspiracy" and "extortion" by unidentified Defendants and specifically against Ms. Smith and Daniel Brown. However, he fails to allege the form and scope of the conspiracy and he fails to indicate the Defendants' roles in the alleged conspiracy. Plaintiff's bare allegations of a conspiracy and extortion fail to satisfy even the liberal pleadings requirements under Federal Rule of Civil Procedure 8. Similarly, Plaintiff's conclusory allegations of "due process" and "equal protection" violations fail to state a claim against a named Defendant. Plaintiff's claims of official misconduct, torture, and neglect are not cognizable claims.

Lastly, Plaintiff's allegations as to Sheriff Dart (and the inclusion of the County of Cook for indemnification purposes) fail to state a claim. Plaintiff alleges that when he twice saw Sheriff Dart and told him about what was happening to him. Sheriff Dart allegedly told him he would take care of this matter; however, the matter was never addressed.

To be liable under the Civil Rights Act, 42 U.S.C. § 1983, a defendant must have acted under color of state law and violated a constitutional right. *See Waubanascum v. Shawano County*, 416 F.3d 658, 665 (7th Cir. 2005). An individual cannot be held liable in a §1983 action unless he caused or participated in the alleged constitutional deprivation. *Vance v. Washington*, 97 F.3d 987, 991 (7th Cir. 1996); *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995); *Rascon v. Hardiman*, 803 F.2d 269, 273 (7th Cir. 1986) (citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983)). Supervisors and others in authority are not held liable for any alleged wrongdoing on the part of subordinates pursuant to the doctrine of respondeat superior because that doctrine does not apply in §1983 actions. *See Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992); *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988).

Claims filed against government officers in their official capacity are actually claims against the government entity for which the officers work. *See Kentucky v. Graham*, 473 U.S. 159, 167 (1985); *Guzman v. Sheahan*, 495 F.3d 852, 859 (7th Cir. 2007); *see also, Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002) (a supervisory official cannot be held liable for the conduct of his subordinates based upon a theory of respondeat superior, and a complaint's allegations must indicate that the supervisory official was somehow personally involved in the constitutional deprivation). A governmental entity is liable for damages under Section 1983 only if the plaintiff can show that the alleged constitutional deprivation occurred as a result of an official policy, custom, or practice. *See Monell v. Department of Social Serv.*, 436 U.S. 658, 692 (1978) Unconstitutional policies or customs generally take three forms: (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or

express municipal policy, is so permanent and well settled as to constitute a usage or custom with the force of law; or (3) a constitutional injury was caused by a person with final policy-making authority. *Brokaw v. Mercer County*, 235 F.3d 1000, 1013 (7th Cir.2000).

Plaintiff's allegations as to Sheriff Dart do not demonstrate any personal involvement by him in the alleged unconstitutional conduct. When Plaintiff allegedly spoke with Sheriff Dart, the physical altercation with Schaeffer had already occurred. Nor has Plaintiff alleged that any of the unconstitutional conduct was a result of an official policy, custom, or practice. Accordingly, Plaintiff has not stated a claim against the County of Cook or Sheriff Dart.

Based on the above, Plaintiff may proceed on his failure to protect claim against Defendants Correctional Officer Pater, Sergeant Krauskopt, and Nurse Jane Doe. Plaintiff may also proceed on his denial of medical care claims against the two unknown nurses and his conversion claim against Daniel Brown. All other claims and Defendants are dismissed.

The Clerk shall: (1) issue summonses for service of Plaintiff's second amended complaint on Defendants Correctional Officer Pater, Sergeant Krauskopt and Daniel Brown; (2) terminate Defendants County of Cook, Thomas Dart, and Ms. Smith; and (3) send Plaintiff a Magistrate Judge Consent Form, Instructions for Submitting Documents, and a copy of this order.

The United States Marshals Service is appointed to serve Defendants Correctional Officer Pater, Sergeant Krauskopt, and Daniel Brown. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. With respect to any former employee who can no longer be found at the work address provided by Plaintiff, the County of Cook shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any court filing to Defendants [or to defense counsel, once an attorney has entered an appearance on behalf of Defendants]. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

Plaintiff's motions for appointment of counsel is denied. Civil litigants do not have a constitutional or statutory right to counsel. *See Johnson v.* Doughty, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, a district court may, in its discretion, "request an attorney to represent any person unable to afford counsel." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004) (citing 28 U.S.C. § 1915(e)(1)); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). In deciding whether to appoint counsel, the Court must "first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts." *Gil*, 381 F.3d at 656 (quoting *Jackson v. County of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992)). If so, the Court must consider: (1) whether, given the degree of difficulty of the case, Plaintiff appears competent to try it himself; and (2) whether the assistance of counsel would provide a substantial benefit to the Court or the parties, potentially affecting the outcome of the case. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007); *Gil*, 381 F.3d at 656.

After considering the above factors, the Court concludes that appointment of counsel is not warranted in this case. Plaintiff has failed to show that he has made reasonable efforts to retain private counsel nor that he has been effectively precluded from making such efforts. *See Gil*, 381 F.3d at 656. Plaintiff has alleged no physical or mental disability that might preclude him from adequately investigating the facts giving rise to his complaint. Plaintiff's case, at the present time, does not involve complex issues, complex discovery, or an evidentiary hearing. In addition, the Court grants *pro se* litigants wide latitude in the handling of their lawsuits. Therefore, Plaintiff's motion for appointment of counsel is denied without prejudice.